## HINES v. JOHN HANCOCK MUT. LIFE INS. CO.

(City Court of New York, General Term. April 5, 1900.)

TRIAL—DIRECTING VERDICT—FRAUD—QUESTION FOR JURY.
 Where plaintiff's evidence establishes a prima facie case, and the defense is fraud, it was error to direct a verdict for plaintiff, as the question of fraud or fraudulent intent was for the jury.

Appeal from trial term.

Action by one Hines against the John Hancock Mutual Life Insurance Company. From a judgment in favor of plaintiff, entered upon a verdict directed by the court, defendant appeals. Reversed.

Argued before McCARTHY and HASCALL, JJ.

Leonard J. Langbein, for appellant.

William J. O'Leary, for respondent.

HASCALL, J. A careful reading and consideration of the case on appeal convince us that it was error for the court to direct a verdict for plaintiff. Even if the evidence, when plaintiff rested, were convincing, and the court determined that a prima facie case had been made out, still, considering that the defense was fraud, the permission to defendant to proceed with its side of the proofs at the trial certainly brought up an issue of fact that the defendant was entitled to have passed upon by the jury. If we are right in stating that the question of fraud or fraudulent intent is always one of fact, then error was committed below in not permitting the jury to pass upon that question in this case. The direction of a verdict goes for the plaintiff when he has made out his case, under the rules governing the trial, upon all the evidence; or defendant has, beyond a reasonable doubt, succeeded, upon all the evidence, in establishing its defense. Where is that reasonable doubt, which brings in question plaintiff's necessary preponderance of evidence, the situation is no longer upon a question of law for the court, but becomes one of fact for the jury,—a positive right in favor of the party that the trial justice may not take from him. We think the papers show a clear right to the defendant to have its defense passed upon by the jury, and that verdict should have been undirected by the court.

Judgment reversed, and new trial ordered, with costs to abide the event.

McCARTHY, J., concurs.